IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEMAR ROGELO WHITE,** | : | CIVIL ACTION NO. 1:23-CV-1045 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **CRAIG LOWE,** | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Kemar Rogelo White, an immigration detainee currently detained in the Pike County Correctional Facility, asserts that his continued detention violates due process. We will deny the petition without prejudice.

**I.    Factual Background & Procedural History**

White is a native and citizen of Jamaica who was granted lawful permanent resident status in the United States on October 25, 2003. (Doc. 10-1 at 4). On October 7, 2019, he was indicted for armed burglary, attempt to use or display an armed firearm during the commission of a burglary, assault and battery, and possession of a controlled substance in the Circuit Court for the City of Hampton, Virginia. (Id. at 20-31). White pleaded no contest to all charges and was sentenced to eighteen years of imprisonment, with all but three years of the sentence suspended. (Id. at 15-18).

On June 3, 2022, ICE issued a notice to appear to White and a warrant for his arrest. (Doc. 10-2 at 1, 5). The notice to appear charged that he was removable

from the United States because he was convicted of an aggravated felony relating to a theft offense for which the term of imprisonment was at least one year and because he was convicted of violation of a controlled substance law. (Id. at 1). He was taken into ICE custody on June 24, 2022. (Doc. 1 at 5).

White appeared before an immigration judge on September 21, 2022. (Doc. 10-3 at 3). He admitted the factual allegations in the notice to appear and the immigration judge sustained the charge of removability. (Id.) White subsequently filed an application for withholding of removal and asylum on November 1, 2022 and indicated during a hearing on November 30, 2022 that he had not understood the allegations in the notice to appear. (Id.) After the immigration judge advised him of the allegations, he admitted them in part and denied them in part. (Id.) The immigration judge again sustained the charge of removability. (Id.)

The immigration judge denied White's application for withholding of removal and asylum on February 14, 2023 following a February 9, 2023 hearing on the application. (Id. at 7-12). White appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on June 20, 2023. (Doc. 10-4). He filed a petition for review by the United States Court of Appeals for the Fourth Circuit on July 5, 2023. See White v. Garland, No. 23-1703 (4th Cir. Filed July 5, 2023). The petition for review remains pending. (Id.)

White filed the instant petition on June 14, 2023, and the court received and docketed the petition on Jun 23, 2023. (Doc. 1). White asserts that his continued detention without a bond hearing violates his right to due process under the Fifth Amendment. (Id.) Briefing on the petition is complete and it is ripe for review.

2

(Docs. 1, 9, 11).  White has additionally moved to expedite proceedings on the petition.  (Doc. 3).

**II.    Discussion**

White is detained pursuant to 8 U.S.C. § 1226(c).  (See Doc. 1 at 2; Doc. 9 at 5).  Section 1226(c) does not by its terms limit the length of time that the government may detain aliens awaiting removal.  Jennings v. Rodriguez, 583 U.S. __, 138 S. Ct. 830, 846 (2018).  But petitioners may nonetheless bring as-applied constitutional challenges if their continued detention under Section 1226(c) has become unreasonably prolonged under the Due Process Clause of the Fifth Amendment.  Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 208-09 (3d Cir. 2020).

When considering the constitutionality of a petitioner's detention, "[t]he most important factor is the duration of detention."  Id. at 211.  The court, however, must also consider "all the other circumstances" of the detention, including (1) "whether the detention is likely to continue," (2) "the reasons for the delay, such as a detainee's request for continuances," and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment."  Id. (quoting Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 478 (3d Cir. 2015)).

Having reviewed White's petition under the above standard, we find that he is not entitled to habeas corpus relief at this time.  The most important factor in the analysis is the duration of White's detention.  White has been detained for approximately fifteen months.  (See Doc. 1 at 5).  Courts in this district have split on whether detention for approximately fifteen months justifies issuance of a writ of habeas corpus.  Compare, e.g., Davydov v. Doll, No. 1:19-CV-2110, 2020 WL 969618,

3

at *4 (M.D. Pa. Feb. 28, 2020) (granting petition for writ of habeas corpus to petitioner detained for over fourteen months), and Bah v. Doll, No. 3:18-CV-1409, 2018 WL 5829668, at *1 (M.D. Pa. Nov. 7, 2018) (granting petition for writ of habeas corpus where petitioner was detained "in excess of fourteen months without an individualized bond hearing"), with, e.g., Rosales v. Lowe, No. 1:18-CV-1302, 2018 WL 6650304, at *3 (M.D. Pa. Dec. 19, 2018) (denying petition where petitioner was "subject to mandatory detention for less than fifteen months" and case was proceeding through removal proceedings "at a reasonable pace"), and Fernandez v. Lowe, No. 3:17-CV-2301, 2018 WL 3584697, at *5 (M.D. Pa. July 26, 2018) (finding that detention for approximately fifteen months did not entitle petitioner to writ of habeas corpus when his case was progressing at a reasonable pace in removal proceedings).

We find that the duration of White's detention weighs against habeas corpus relief. Although White has been detained without a bond hearing for approximately fifteen months, his removal proceedings—like those in other cases in this district where courts denied habeas corpus relief to petitioners detained for approximately fifteen months—have progressed at a "reasonable pace." Rosales, 2018 WL 6650304, at *3; Fernandez, 2018 WL 3584697, at *5. The immigration proceedings progressed through a hearing before an immigration judge and an appeal to the BIA in less than a year, without any significant delays at any step of the proceedings, and it appears that briefing on White's appeal to the Fourth Circuit is also progressing without any significant delays. See White v. Garland, No. 23-1703.

We find that the second factor—the likelihood of continued detention—is neutral.  It appears that the only factor currently delaying White's removal from the United States is his appeal to the Fourth Circuit.  Briefing on the appeal is likely to conclude in the near future: the government's response brief is due September 29, 2023, and any reply brief from White would be due ten days after service of the response brief.  See White, No. 23-1703, Docs. 4, 21.  It is difficult to determine, however, what impact the appeal will have on White's likelihood of continued detention once briefing concludes.  Any opinion by this court as to the merits of the appeal or how the Fourth Circuit is likely to rule would be baseless and inappropriate speculation, and the appeal could result in remand to the BIA for further proceedings or a petition for writ of *certiorari* to the United States Supreme Court.  Hence, we find this factor does not weigh significantly for or against the granting of habeas corpus relief.

The reasons for the delay are also neutral.  It appears from the record that the delays in the underlying removal proceeding are largely due to White's appeals, but a petitioner should not be punished for pursuing good faith challenges to the government's removal case against him.  See Santos, 965 F.3d at 211 (citing Chavez-Alvarez, 783 F.3d at 476-77).

Finally, the conditions of White's detention weigh in favor of habeas corpus relief.  White is detained in the same facility as the petitioner in Santos, where the court concluded that "despite its civil label," the petitioner's detention was "indistinguishable from criminal punishment."  See id. at 213.  Respondent has not offered any evidence that would support a contrary conclusion in this case.

Taking the above factors and the other circumstances of his detention into consideration, we conclude that White is not entitled to habeas corpus relief at this time. Although the conditions of his confinement weigh in favor of granting habeas corpus relief, we find that this factor is outweighed by the fact that his detention has not continued for an unreasonable duration and his removal proceedings are progressing at a reasonable pace. We will accordingly deny the petition without prejudice to White's right to file a renewed petition for writ of habeas corpus if his detention continues for an unreasonable length of time or the circumstances of his detention otherwise change.

### III.   Conclusion

We will deny the petition for writ of habeas corpus without prejudice. White's motion to expedite will be denied as moot. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   September 27, 2023