IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEMAR ROGELO WHITE,** | : | CIVIL ACTION NO. 1:23-CV-1045 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **CRAIG LOWE,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is an immigration habeas corpus case filed pursuant 28 U.S.C. § 2241. The court previously granted the writ and ordered United States Immigration and Customs Enforcement ("ICE") to conduct a bond hearing. (Doc. 19). The case is now before the court on petitioner's motion to enforce that judgment, in which he argues that the court should conduct a new bond hearing because the bond hearing that ICE conducted was not sufficiently individualized. (Doc. 21). As explained below, the motion will be denied without prejudice for lack of subject matter jurisdiction.

### I. Background & Procedural History

This case was filed on June 23, 2023, when petitioner, Kemar Rogelo White, filed a petition for writ of habeas corpus challenging his continued detention without a bond hearing pending his removal from the United States. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. On September 27, 2023, Judge Conner denied the petition without prejudice to White's right to file a new petition at a later date, finding that because the detention had not continued for an unreasonable duration and the proceedings to

remove him from the United States were progressing at a reasonable pace, the detention did not yet violate his due process rights. (Docs. 12-13).

White appealed, and on September 12, 2024, the United States Court of Appeals for the Third Circuit vacated the judgment and remanded with instructions to grant the writ of habeas corpus. (Doc. 17). The Third Circuit issued its mandate on November 4, 2024, and the next day Judge Conner reopened the case, granted the writ, and ordered ICE to conduct an individualized bond hearing. (Docs. 18-19). Judge Conner noted that under <u>Santos v. Warden Pike Cnty. Corr. Facility</u>, 965 F.3d 203, 213-14 (3d Cir. 2020), the government was required to bear the burden of proof during the bond hearing, and further noted that if no bond hearing was conducted within 30 days the court would conduct its own bond hearing. (Doc. 19).

On December 11, 2024, respondent informed the court that a bond hearing was conducted before an immigration judge on November 25, 2024. (Doc. 20). White filed the instant motion to enforce judgment on December 26, 2024. (Doc. 21). The case was reassigned to the undersigned on January 20, 2025, following Judge Conner's retirement from the court.

On September 8, 2025, the court issued an order noting that respondent had not responded to the motion, but that the duty to respond had not been triggered because White had not filed a brief in support of the motion. (Doc. 24). The court accordingly ordered respondent to respond by September 22, 2025. (<u>Id.</u>) Respondent timely opposed the motion on September 22, 2025. (Doc. 25). White did not file a reply brief. The motion is accordingly ripe for review.

2

## II. **Discussion**

White's motion argues that the court should conduct a second bond hearing because the hearing conducted by the immigration judge was not sufficiently individualized to comply with the writ of habeas corpus issued by this court. (Doc. 21). Respondent argues that: (1) the immigration judge conducted a sufficient bond hearing; and (2) White must exhaust administrative remedies before he may file his motion and has not done so. (Doc. 25).

At the outset, the court notes that there is a significant split of authorities in this district as to whether a petitioner who has previously been granted a writ of habeas corpus compelling ICE to conduct a bond hearing must exhaust administrative remedies before he may file a motion to enforce the writ challenging the sufficiency of the resulting bond hearing. Compare, e.g., Luciano-Jimenez v. Doll, 543 F. Supp. 3d 69, 71 n.1 (M.D. Pa. 2021) (Mehalchick, M.J.) (finding that exhaustion is not required,[1] with Pierre v. Sabol, No. 1:11-CV-2184, 2012 WL 2921794, at *1 (M.D. Pa. July 17, 2012) (Caldwell, J.).[2]

---

[1] Accord Santos v. Lowe, No. 1:18-CV-1553, 2020 WL 4530728, at *2 (M.D. Pa. Aug. 6, 2020) (Rambo, J.); Guerrero Sanchez v. Lowe, No. 1:15-2423, 2016 WL 7426129, at *4 (M.D. Pa. Dec. 23, 2016) (Caldwell, J.); see also Serrano-Vargas, No. No. 3:17-CV-801, 2019 WL 3003382, at *3 (M.D. Pa. July 10, 2019) (Mannion, J.) (addressing merits without addressing issue of exhaustion); Wilkins v. Doll, No. 1:17-CV-2354, 2018 WL 3388032, at *2 (M.D. Pa. July 12, 2018) (Rambo, J.) (same).

[2] Accord Mundle v. Lowe, No. 1:17-CV-1460, 2019 WL 5424367, at *4 (M.D. Pa. Oct. 23, 2019) (Caputo, J.); Pratt v. Doll, No. 3:17-CV-1020, 2019 WL 722578, at *4 (M.D. Pa. Feb. 20, 2019) (Mariani, J.); Anwari v. Lowe, No. 3:17-CV-1512, 2018 WL 2103827, at *3 (M.D. Pa. May 7, 2018) (Mariani, J.); Kamara v. Doll, No. 1:17-CV-1176, 2017 WL 649736, at *3 (M.D. Pa. Dec. 19, 2017) (Kane, J.); Chajchic v. Rowley, No. 1:17-CV-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25, 2017) (Carlson, M.J.), *R&R adopted*, No. 1:17-CV-457, 2017 WL 4387062, at *1 (M.D. Pa. Oct. 3, 2017) (Conner, C.J.); Quinteros v. Sabol, No. 4:15-CV-2098, 2016 WL 6525295, at *1 (M.D. Pa. Nov. 3, 2016 (Brann, J.).

3

Having reviewed these and other relevant authorities, the court finds that petitioner's motion fails for a more fundamental reason: this court does not have subject matter jurisdiction to review the immigration judge's bond determination. The statute governing detention of removable aliens prior to a final order of removal, 8 U.S.C. § 1226, states that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). The Third Circuit has repeatedly recognized that this language means what it says: courts may not reverse an administrative decision denying bond in an immigration proceeding. See Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018). Sylvain v. Att'y Gen. of U.S., 714 F.3d 150, 155 & n.4 (3d Cir. 2013). Thus, because any review of the immigration judge's bond hearing that resulted in a second bond hearing would necessarily "set aside" the immigration judge's denial of bond, it is clearly barred by Section 1226(e).

Courts in this district that have granted motions like White's have acknowledged Section 1226(e)'s jurisdictional limitation, but have held that they may nonetheless review the immigration judge's bond determination pursuant to their jurisdiction to enforce the earlier writ of habeas corpus. See, e.g., Santos, 2020 WL 4530728, at *2 ("Respondent is correct that a discretionary determination by an IJ regarding bail for an individual detained pursuant to § 1226 is not reviewable by this Court . . . However, '[t]here is no question that this [C]ourt has the power to enforce its writs of habeas corpus.'" (quoting Wilkins, 2018 WL 3388032, at *2)).

4

This reasoning strikes the court as incorrect. United States District Courts may only exercise subject matter jurisdiction to the extent Congress has allowed. Badgerow v. Walters, 596 U.S. 1, 11 (2022). "And the jurisdiction Congress confers may not 'be expanded by judicial decree.'" Id. (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). It follows that a district court may not create subject matter jurisdiction it did not have in the first place by issuing a writ of habeas corpus and then purporting to "enforce" that writ. Thus, this court had the authority to order ICE to conduct a bond hearing, but once that hearing was conducted, it does not have the authority to review the sufficiency of the hearing. Any such review must be conducted through the administrative channels provided by Section 1226 and its implementing regulations.

The court will accordingly deny White's motion to enforce the judgment without prejudice for lack of subject matter jurisdiction. Having concluded that the court does not have subject matter jurisdiction to decide the motion, the court does not—and cannot—decide the exhaustion and merits issues argued by the parties.

### III. Conclusion

The motion to enforce judgment is denied without prejudice for lack of subject matter jurisdiction. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   November 14, 2025

5